IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HARVEY OTTOVICH, MARK OTTOVICH, and the Harvey G. Ottovich Revocable Living Trust,

    Plaintiffs,

  v.

CHASE HOME FINANCE, LLC, WASHINGTON MUTUAL INC., and JP MORGAN CHASE BANK NA,

    Defendants.

No. C 10-02842 WHA

**ORDER GRANTING PLAINTIFFS' MOTION TO FILE A SECOND AMENDED COMPLAINT**

An order granting in part and denying in part defendants' motion to dismiss plaintiffs' first amended complaint gave plaintiffs 14 days to file a motion to file a second amended complaint. Plaintiffs did so (Dkt. No. 31). They noticed their motion incorrectly, however, so a scheduling order set a hearing on the motion for November 18, 2010 (Dkt. No. 34). Plaintiffs were seemingly confused by the scheduling order and refiled their motion with the new date on the front (Dkt. No. 35). The substance of the motion did not change, however. Meanwhile, defendants failed to comply with Civil Local Rule 7-3, pursuant to which they should have filed an opposition or statement of nonopposition. In response to an order to show cause, which also vacated the hearing on the motion, defendants filed a statement of nonopposition to plaintiffs' motion (Dkt. No. 37).

The order granting in part and denying in part defendants' motion to dismiss the first amended complaint denied the motion as to all except the ninth claim for relief, for intentional infliction of emotional distress to plaintiff Harvey Ottovich. The order stated:

> Plaintiffs' amended complaint lacks specific facts describing the severe emotional distress suffered, let alone that defendants' conduct proximately caused this distress. Plaintiffs merely assert legal conclusions that they suffered severe emotional distress as a result of the conduct of defendants. Furthermore, plaintiffs also failed to allege sufficient facts to establish intent by defendants to inflict emotional distress.

Prior to trial, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FRCP 15(a)(2). Plaintiffs' proposed second amended complaint adds facts concerning plaintiff Harvey Ottovich's claim for intentional infliction of emotional distress. Given this addition, as well as defendants' nonopposition, plaintiffs' motion is **GRANTED**. This order is for pleading purposes only and plaintiffs' claims remain subject to revisiting after factual development.

Plaintiffs shall file their proposed complaint as their second amended complaint by November 8, 2010.

**IT IS SO ORDERED.**

Dated: November 2, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2