IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY OTTOVICH, MARK OTTOVICH, and the Harvey G. Ottovich Revocable Living Trust,<br><br>    Plaintiffs,<br><br>  v.<br><br>CHASE HOME FINANCE, LLC, WASHINGTON MUTUAL INC., and JP MORGAN CHASE BANK NA,<br><br>    Defendants.<br>                                       / | No. C 10-02842 WHA<br><br>**ORDER REFERRING NORMAN NEWHOUSE AND CRAIG MAR TO THE STATE BAR, JUDGE CHESNEY, AND REGARDING FUTURE FILINGS IN THIS ACTION** |

       Norman Newhouse and Craig Mar, counsel of record for plaintiffs, were ordered to show cause why they should not be referred to the state bar for suspected unauthorized practice of law, and aiding and abetting the unauthorized practice of law, respectively. This order resolves the question.

       This action was removed from state court on June 28, 2010. Plaintiffs are Harvey Ottovich, Mark Ottovich, and a trust. Also on June 28, Attorney Craig Mar registered on the electronic case filing system as counsel of record for Harvey Ottovich. Plaintiff Mark Ottovich represented himself *pro se* until July 20, at which time Norman Newhouse registered as counsel of record for both Harvey Ottovich and Mark Ottovich.

       Norman Newhouse has been suspended by the state bar and is not authorized to practice law. Yet he has electronically filed every one of plaintiffs' submissions in this action himself. Every filing by plaintiffs, however, lists Craig Mar in the attorney caption along with

Mark Ottovich as "plaintiff in pro per" — Newhouse is not listed — and every filing is signed "/s/ Craig Mar." Meanwhile, several such filings also append a page that lists details of the origin of the document being filed, which indicate they originated from the law office of Norman Newhouse. Only Attorney Mar appeared at the initial case management conference, which was the only time the parties appeared before the order to show cause hearing (Dkt. No. 28). In a declaration attached to one of plaintiffs' filings, Newhouse stated under oath that he is "a paralegal working for plaintiff Harvey Ottovich's attorney Craig Mar" (Dkt. No. 12).

The order to show cause stated in part: "[Norman Newhouse and Attorney Craig Mar] must [] both appear on November 18, 2010, at 11:00 a.m." (Dkt. No. 39). Norman Newhouse appeared but Craig Mar did not. Why Attorney Mar failed to appear is a mystery.

*First*, Attorney Mar is ordered henceforth to file all documents on behalf of his client *himself using his own ECF number/account*. If Attorney Mar wants to continue to employ Mr. Newhouse, Attorney Mar must personally supervise, read, and vet all of his work, and then file documents himself.

*Second*, Norman Newhouse cannot make any further filings. He is ordered to close his entire ECF account until, if ever, he is again authorized to practice law.

*Third*, it appears to the undersigned that Mr. Newhouse may be practicing law by virtue of making the final decision about whether to file documents on behalf of plaintiffs in this action. The Clerk is directed to send a copy of this order to the state bar, to remove Mr. Newhouse as counsel of record in this action, and to send a copy of this order to the district's Standing Committee on Professional Conduct. This order does not make a finding that he is practicing law without a license, but it is too close to the line to forgo referring that question for consideration to the state bar.

*Fourth*, Norman Newhouse has been listed as counsel of record and filed documents in two active cases in this district since his suspension on November 26, 2009. One is this action and the other is *Ottovich v. City of Fremont et al.*, No. 3:09-cv-04181, over which Judge Maxine Chesney presides. The Clerk is directed to send a copy of this order to Judge Chesney.

\*             \*             \*

Plaintiffs were ordered to file their second amended complaint by November 8, 2010 (Dkt. No. 38), but they have not done so. Given the intervening pendency of the order to show cause, plaintiffs will be given another opportunity, and must do so by **NOVEMBER 24, 2010, AT NOON**.

**IT IS SO ORDERED.**

Dated: November 19, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3