IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY G. OTTOVICH REVOCABLE LIVING TRUST DATED MAY 12, 2006, HARVEY OTTOVICH AS TRUSTEE FOR THE HARVEY G. OTTOVICH REVOCABLE LIVING TRUST DATED MAY 12, 2006, MARK OTTOVICH AS SUCCESSOR TRUSTEE FOR AND BENEFICIARY OF HARVEY G. OTTOVICH REVOCABLE LIVING TRUST DATED MAY 12, 2006, <br><br>Plaintiffs, <br><br>v. <br><br>WASHINGTON MUTUAL INC. CHASE HOME FINANCE, LLC, JP MORGAN CHASE BANK NA, AN ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM FEDERAL DEPOSIT INSURANCE CORPORATION ACTING AS RECEIVER, DOES ONE THROUGH 50, INCLUSIVE, <br><br>Defendants. | No. C 10-02842 WHA <br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Defendants move to dismiss plaintiffs' second amended complaint on two grounds. *First*, they argue that plaintiffs the Harvey Ottovich Trust and Mark Ottovich cannot proceed *in propia persona*. Subsequent to the filing of defendants' motion, however, Attorney Norman Newhouse has appeared on behalf of these plaintiffs (*see* Dkt. Nos. 52 and 54). Norman Newhouse was previously ineligible to practice law but has since become eligible to practice again. Plaintiffs pointed this out in their opposition, but defendants neglected to file a reply in

support of their motion. The appearance of Attorney Newhouse on behalf of these plaintiffs resolves the first ground for defendants' motion.

*Second*, defendants argue that plaintiffs' claim for intentional infliction of emotional distress fails to state a claim upon which relief can be granted. This is plaintiffs' ninth claim.

Prior orders have addressed the standard for stating a claim for intentional infliction of emotional distress. An order granting in part and denying in part a motion to dismiss plaintiffs' first amended complaint stated:

> Plaintiffs' ninth claim against defendants is for intentional infliction of emotional distress. To state a claim for this tort, a party must allege (1) outrageous conduct, "so extreme as to exceed all bounds of that usually tolerated in a civilized community," (2) an intent to cause or a reckless disregard of the possibility of causing emotional distress, (3) severe or extreme emotional distress, and (4) that the outrageous conduct proximately caused the emotional distress. *Symonds v. Mercury Sav. & Loan Ass'n*, 225 Cal. App. 3d 1458, 1468 (1990).
>
> Plaintiffs' amended complaint is insufficient under *Iqbal* and *Twombly*. Plaintiffs' amended complaint lacks specific facts describing the severe emotional distress suffered, let alone that defendants' conduct proximately caused this distress. Plaintiffs merely assert legal conclusions that they suffered severe emotional distress as a result of the conduct of defendants. Furthermore, plaintiffs also failed to allege sufficient facts to establish intent by defendants to inflict emotional distress.

Accordingly, plaintiffs' claim for intentional infliction of emotional distress was dismissed with leave to amend (Dkt. No. 30). Plaintiffs sought leave to file a second amended complaint. Leave was granted, because — as to the emotional distress claim — "[p]laintiffs' proposed second amended complaint add[ed] facts concerning [this claim, and defendants do not oppose leave to file]" (Dkt. No. 38).

Now, however, defendants move to dismiss this claim because, they state, plaintiffs have not pled outrageous conduct by defendants. Plaintiffs' second amended complaint states, among other things (Dkt. No. 47):

> 87. Plaintiff Harvey Ottovich suffered from posttraumatic stress disorder as a result of combat, during the Vietnam War. His disability caused him in the spring of 2009 to to [sic] be bedridden and medication for acute anxiety and disability [sic].
>
> 88. Defendants' act of not checking to see if plaintiff had home insurance (he did) and charging expensive extra insurance to the plaintiff was an intentional act in conscious disregard of the rights of the plaintiff. . . .

2

89. Defendants' act of suspending plaintiffs' mortgage payments and refusing to credit those payments and charging a late fee was an intentional act in conscious disregard of the rights of plaintiff. . . .

90. Defendants' act of threatening to foreclose on the family home or to accelerate the loan if a certain amount was not paid was an intentional act in conscious disregard of the rights of the plaintiff. . . .

91. Defendants' act of not following its own internal procedures, legal requirements and further mishandling the foreclosure plaintiff's home was an intentional act in conscious disregard of the rights of the plaintiff. . . .

92. As a result of the above acts of the defendants, Plaintiff Harvey Ottovich has suffered severe emotional distress.

This order cannot say that "defendant[s'] conduct, as pleaded, could not be deemed 'outrageous.'" *Ricard v. Pac. Indem. Co.*, 132 Cal. App. 3d 886, 895 (1982). That issue will need to be considered after the facts are developed in discovery. In the meantime, plaintiffs have stated a claim for intentional infliction of emotional distress.

For the foregoing reasons, defendants' motion to dismiss is **DENIED**, and the hearing on the motion on January 27, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: January 18, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3