IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY OTTOVICH, MARK OTTOVICH, and the HARVEY G. OTTOVICH REVOCABLE LIVING TRUST,<br><br>  Plaintiffs,<br><br>  v.<br><br>CHASE HOME FINANCE, LLC, WASHINGTON MUTUAL INC., and JP MORGAN CHASE BANK NA,<br><br>  Defendants.<br>_____/ | No. C 10-02842 WHA<br><br>**ORDER REGARDING MOTIONS *IN LIMINE*** |

This action is proceeding to trial on September 6. In advance of the pretrial conference on August 15, defendant JP Morgan Chase Bank, N.A., for itself and as successor by merger of Chase Home Finance, LLC, submitted five motions *in limine*, and plaintiff submitted two motions *in limine*. This order memorializes the rulings made at the pretrial conference.

Any denial below does not mean that the evidence at issue in the motion is admitted into evidence — it must still be moved into evidence, subject to other objections, at trial. And, a grant of a motion *in limine* does not exclude the evidence under any and all circumstances; for example, the beneficiary of a grant may open the door to the disputed evidence.

### A. DEFENDANT'S MOTION *IN LIMINE* NO. 1

Defendant moved *in limine* to exclude expert witness testimony from plaintiffs' case. Plaintiffs' counsel stated non-opposition to the motion. For the reasons stated at the pretrial conference, the motion is **GRANTED**.

### B. DEFENDANT'S MOTION *IN LIMINE* NO. 2

Defendant moved *in limine* to exclude evidence of plaintiffs' damages from plaintiffs' case. As stated at the pretrial conference, plaintiffs are held to the amounts of damages plaintiffs' counsel stated at the pretrial conference are the extent of damages being sought — *i.e.*, plaintiffs can request no more than the following amounts from the jury:

- Economic damages: $8,000
- Non-economic damages: $25,000
- Punitive damages: $100,000

As further stated, because plaintiffs' response to defendant's interrogatory regarding damages was a reasonable response to the question as phrased, the motion is otherwise **DENIED**.

### C. DEFENDANT'S MOTION *IN LIMINE* NO. 3

Defendant moved *in limine* to exclude evidence of Harvey Ottovich's alleged mental or physical incapacity. For the reasons stated at the pretrial conference, the motion is **GRANTED TO THE FOLLOWING EXTENT**: Because plaintiffs did not produce any documents regarding Harvey Ottovich's incapacity or disability, plaintiffs cannot contend at trial that notice was given to defendant in writing of Harvey Ottovich's incapacity or disability. Yet, this does not preclude plaintiffs from contending at trial that defendant knew of Harvey Ottovich's incapacity or disability because of what was in its own file or what defendant was told.

### D. DEFENDANT'S MOTION *IN LIMINE* NO. 4

Defendant moved *in limine* to exclude all documents "produced by Mark Ottovich that would be responsive to JPMorgan['s] request for production of documents and all information that would be solicited from its interrogatories regarding any of his claims other than those documents produced in his initial disclosure." For the reasons stated at the pretrial conference, the motion is **DENIED WITHOUT PREJUDICE** to the Court's further consideration of the issue

after the following procedure: By **NOON ON FRIDAY, AUGUST 19, 2011**, defendant may submit each document that it claims was not produced in response to a discovery request, the document request and plaintiffs' response, and a declaration in support of defense counsel's statement that not a single document was produced in response to the discovery requests (until July 2011). Plaintiffs' counsel may respond by **NOON ON FRIDAY, AUGUST 26, 2011**. The Court will vet the discovery requests to determine whether they were reasonable requests and to determine whether the documents that plaintiffs now want to use at trial were in fact called for by defendant's discovery requests. If the documents plaintiffs now seek to use at trial were called for by the requests and not produced, and without very good cause, defendant's motion will be granted.

### E.   DEFENDANT'S MOTION *IN LIMINE* NO. 5

Defendant moved *in limine* to exclude witnesses not disclosed in initial disclosures. After comparing the trial witness list and the witnesses disclosed in plaintiffs' initial disclosures, the only proposed trial witnesses who were disclosed in initial disclosures are the plaintiffs, Mark and Harvey Ottovich. For the reasons stated at the pretrial conference, the motion is **GRANTED**, and only Mark and Harvey Ottovich may testify at trial in plaintiffs' case.

### F.   PLAINTIFFS' MOTION *IN LIMINE* NO. 1

Plaintiffs moved *in limine* for inclusion of Rule 404(b) evidence. For the reasons stated at the pretrial conference, the motion is **DENIED**, and plaintiffs may not present evidence of other acts by defendant as a part of their case.

### G.   PLAINTIFFS' MOTION *IN LIMINE* NO. 2 (labeled No. 3)

Plaintiffs moved *in limine* to bifurcate punitive damages from damages. For the reasons stated at the pretrial conference, the motion is **GRANTED IN PART AND DENIED IN PART** to the following extent: Evidence during the main proceeding shall not concern the amount of punitive damages, but plaintiffs' counsel may tell the jury they are *seeking* punitive damages. The jury will be asked on the verdict form if it finds liability whether punitive damages should also be awarded but not the amount. If the jury answers on the verdict form that punitive damages should be awarded, there will be a second phase of proceedings during

which either side may present evidence concerning the financial condition and worth of defendant and during which counsel for both sides will be allowed a short time to argue the issue of the amount of punitive damages to the jury. Then, the jury will return to deliberations concerning the amount of punitive damages.

**IT IS SO ORDERED.**

Dated: August 16, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE