IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY OTTOVICH, MARK OTTOVICH, and the HARVEY G. OTTOVICH REVOCABLE LIVING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE, LLC, WASHINGTON MUTUAL INC., and JP MORGAN CHASE BANK NA,<br><br>Defendants. | No. C 10-02842 WHA<br><br>**ORDER GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION *IN LIMINE* NO. 4** |

This action is proceeding to trial on September 6. In advance of the pretrial conference on August 15, defendant JP Morgan Chase Bank, N.A., for itself and as successor by merger of Chase Home Finance, LLC, submitted five motions *in limine*, and plaintiffs submitted two motions *in limine*. A prior order memorialized the rulings made at the pretrial conference.

That order denied defendant's motion *in limine* number four without prejudice to renewed consideration of the issues raised therein after further submissions by counsel. Specifically, defendant moved *in limine* to exclude all documents "produced by Mark Ottovich that would be responsive to JPMorgan['s] request for production of documents and all information that would be solicited from its interrogatories regarding any of his claims other than those documents produced in his initial disclosure." To warrant renewed consideration of the motion, defendant was required to submit each document that it claims was not produced in

1  response to a discovery request, the document request and plaintiffs' response, and a
2  declaration in support of defense counsel's statement at the pretrial conference that not a single
3  document was produced in response to the discovery requests. Defense counsel made such
4  submission (Dkt. No. 103). Plaintiffs' counsel timely responded (Dkt. No. 104). Thereafter,
5  the discovery requests were vetted to determine whether they were reasonable requests and to
6  determine whether the documents that plaintiffs now want to use at trial were in fact called for
7  by defendant's discovery requests. The order warned that if the documents plaintiffs now seek
8  to use at trial were called for by the requests and not produced, and without very good cause,
9  defendant's motion will be granted.

10  After consideration of the submissions of counsel, there is now a sworn record that of
11  the 64 documents that plaintiffs seek to use at trial, only six were ever produced by plaintiffs
12  prior to August 11, 2011, and none of the documents were produced to defendant in response
13  to its requests for production of documents (Hansen Decl. ¶ 3). Those six were produced in
14  conjunction with plaintiffs' initial disclosures on September 28, 2010 (*id.* ¶ 6). Therefore,
15  those six documents may be used at trial (plaintiffs' exhibits list numbers 1, 2, 3, 4, 37, and
16  45).

17  All other documents were produced to defendant on August 11 (Hansen Decl. ¶ 4).
18  Again, the discovery deadline in this matter was April 30, 2011 (Dkt. No. 27).

19  Nevertheless, defendant does not object to the introduction of the following documents,
20  as they are part of Harvey Ottovich's loan file: plaintiffs' exhibits list numbers 5 through 28,
21  32 through 36, 38 through 44, 46 through 47, and 49 through 60 (Hansen Decl. ¶ 7).
22  Defendant later withdrew its objection to plaintiffs' proposed exhibit 30 (Dkt. No. 105 at 3).
23  This order therefore deems the motion *in limine* withdrawn as to those documents, and they
24  will be allowed at trial (after, of course, being properly moved into evidence, subject to other
25  objections).

26  Thus, the remaining contested documents are: plaintiffs' exhibits list numbers 29, 31,
27  48, and 61 through 64.
28

**Proposed plaintiffs' exhibit no. 29** *("Class action lawsuit against ASIC settled")* (*see* Hansen Decl. Exh. 4): This document is a court-approved notice regarding a class action settlement in another matter, and defense counsel state: "Plaintiffs will likely attempt to introduce Exhibit 29 to support their allegations that they possessed valid insurance and were overcharged by JPMorgan for insurance placed on the Subject Property" (Hansen Decl. ¶ 16). Regardless of whether information regarding this document was required in responses to defendant's interrogatories, it was responsive to defendant's request for production of documents to Harvey Ottovich number 35. Request number 35 sought "All DOCUMENTS which support YOUR contention contained in paragraph 88 of YOUR SAC that JPMorgan's 'act of not checking to see if plaintiff had home insurance (he did) . . . [by] charging expensive extra insurance to the plaintiff was an intentional act in conscious disregard of the rights of the plaintiff'" (Hansen Decl. Exh. 7). In addition, this document was responsive to defendant's request for production of documents to Mark Ottovich number 18, which sought: "All DOCUMENTS which support YOUR contention contained in paragraph 81 of YOUR SAC that JPMorgan's 'business practices have been unfair to the public in that the majority of the people charged with unlawful such as unnecessary expensive Insurance Coverage added to an Escrow shortage fund do not know what to do, will not protest it, or are afraid to ruin their good credit by missing a payment'" (Hansen Decl. Exh. 9).

As stated, no documents were produced in response to these requests for documents. This order agrees that exhibit 29 is responsive to requests number 35 and 18 as it would tend to support plaintiffs' claim of alleged improper placement of insurance on the subject property when Harvey Ottovich defaulted on the loan at issue, and as a measure of the type of damages he should be entitled to based on the settlement amount ASIC paid to settle the class action lawsuit against it, as asserted by defendant.[1]  Plaintiffs' response did not address specifically

---

[1] Defendant argues that the document was also called for by request to Harvey Ottovich number 19 and request to Mark Ottovich number 4, but those requests were overbroad as worded. In addition, because of the conclusion reached above, this order need not address defendant's other objections that this document is irrelevant, unduly prejudicial, and is otherwise excludable pursuant to the exclusion of Rule 404(b) other

3

1  why this document was not timely produced; issues raised generally by plaintiffs' response
2  will be addressed below. Therefore, plaintiffs' exhibit number 29 is excluded from trial.

3  **Proposed plaintiffs' exhibit no. 31** *("Farmer's insurance letter 2/18/99 to 7/13/11
4  coverage of home")* (*see* Hansen Decl. Exh. 11): This document is a letter from Farmers
5  Insurance to Jeanette Ottovich in response to a request for a history of insurance coverage for
6  the real property located at 303 Laurel Ave., Hayward, CA 94541, which is the subject of the
7  instant litigation. Defense counsel state that this document "could provide support for
8  Plaintiffs' claims for damages for the alleged improper placement of insurance on the Subject
9  Property. . . . Plaintiffs will likely attempt to introduce Exhibit 31 to support their allegations
10 that they possessed valid insurance and were overcharged by JPMorgan for property insurance
11 placed on the Subject Property . . ." (Hansen Decl. ¶ 49). Regardless of whether information
12 regarding this document was required in responses to defendant's interrogatories, it was
13 responsive to defendant's request for production of documents to Harvey Ottovich number 35
14 (which is quoted above), and request for production of documents to Mark Ottovich number 18
15 (also quoted above).

16 As stated, no documents were produced in response to these requests for documents.
17 This order agrees that exhibit 31 is responsive to requests number 35 and 18 as it would tend to
18 support plaintiffs' claim that they possessed insurance on the subject property, and that
19 defendant allegedly improperly placed insurance thereon when Harvey Ottovich defaulted on
20 the loan at issue, and to demonstrate that he should be refunded completely the amount charged
21 by defendant for the placement of insurance on the property, as asserted by defendant.[2]
22 Plaintiffs' response did not address specifically why this document was not timely produced;

---

25 acts evidence at the pretrial conference and as memorialized by the order regarding
26 motions *in limine*.

27 [2] Defendant argues that the document was also called for by request to Harvey
   Ottovich number 19 and request to Mark Ottovich number 4, but those requests were
28 overbroad as worded. Defendant also argues that the document was called for by request
   to Harvey Ottovich number 11, but the document was not responsive to that request.

4

**United States District Court**
For the Northern District of California

issues raised generally by plaintiffs' response will be addressed below. Therefore, plaintiffs' exhibit number 31 is excluded from trial.

**Proposed plaintiffs' exhibit no. 48** *("5/22/10 Mark Ottovich letter complaining")* (*see* Hansen Decl. Exh. 12): This document is a letter from Mark Ottovich to Chase Home Finance LLC regarding a phone conversation about the subject property and complaining about an employee named "Kelly." This document was responsive to defendant's request for production of documents to Harvey Ottovich numbers 20 and 21. Request number 20 sought "All COMMUNICATIONS between YOU and Chase Home Finance, LLC [] from September 25, 2008 to present CONCERNING the SUBJECT PROPERTY" (Hansen Decl. Exh. 7). Request number 21 sought "All COMMUNICATIONS between YOU and JPMorgan Chase Bank, N.A. [] from September 25, 2008 to present CONCERNING the SUBJECT PROPERTY" (*ibid.*). In addition, this document was responsive to defendant's request for production of documents to Mark Ottovich numbers 1 and 2, which sought "All COMMUNICATIONS between YOU and Chase Home Finance, LLC [] from September 25, 2008 to present CONCERNING the SUBJECT PROPERTY," and "All COMMUNICATIONS between YOU and JPMorgan Chase Bank, N.A. [] from September 25, 2008 to present CONCERNING the SUBJECT PROPERTY" (Hansen Decl. Exh. 9).

As stated, no documents were produced in response to these requests for documents. This order agrees that exhibit 48 is responsive to requests to Harvey Ottovich numbers 20 and 21 and requests to Mark Ottovich numbers 1 and 2 as it is a communication from Mark Ottovich to defendant dated May 22, 2010 (even though it is unclear from the face of the letter whether it was mailed and/or received), concerning the subject property, as asserted by defendant.[3] Plaintiffs' response did not address specifically why this document was not timely produced; issues raised generally by plaintiffs' response will be addressed below. Therefore, plaintiffs' exhibit number 48 is excluded from trial.

---

[3] Defendant argues that the document was also called for by request to Harvey Ottovich numbers 1, 2, 8, and 19, but those requests were overbroad as worded. Defendant also argues that the document was called for by requests to Harvey Ottovich numbers 25, 26, 27, 28, and 36, but the document was not responsive to those requests.

1  **Proposed plaintiffs' exhibit no. 61** *("2010 Farmers Landlords Protector Package for 303 Laurel Ave.")* (*see* Hansen Decl. Exh. 13): This document is an insurance policy for the subject property, and defense counsel state that it "could provide support for Plaintiffs' claims for damages for the alleged improper placement of insurance on the Subject Property. . . . Plaintiffs will likely attempt to introduce Exhibit 61 to support their allegations that they possessed valid insurance and were overcharged by JPMorgan for property insurance placed on the Subject Property . . ." (Hansen Decl. ¶ 102). Regardless of whether information regarding this document was required in responses to defendant's interrogatories, it was responsive to defendant's request for production of documents to Harvey Ottovich number 11. Request number 11 sought "A copy of the insurance policy for the SUBJECT PROPERTY for coverage from January 2008 to present" (Hansen Decl. Exh. 7).

As stated, no documents were produced in response to this request for documents. This order agrees that exhibit 61 is responsive to request number 11 as it would tend to support plaintiffs' claim that they possessed property insurance on the subject property, and that defendant allegedly improperly placed insurance on the subject property when Harvey Ottovich defaulted on the loan at issue, and to demonstrate that he should be refunded completely the amount charged by defendant for the placement of insurance on the subject property, as asserted by defendant.[4] Plaintiffs' response did not address specifically why this document was not timely produced; issues raised generally by plaintiffs' response will be addressed below. Therefore, plaintiffs' exhibit number 61 is excluded from trial.

**Proposed plaintiffs' exhibit no. 62** *("U.S. District Court Order granting in part and denying in part Motion for Judgment on the Pleadings case no. C08-00555 RS, <u>Wahl v. ASIC</u>")* (*see* Hansen Decl. Exh. 14): This document is an order dated May 10, 2010, by Judge Richard Seeborg of our district granting in part and denying in part a motion for judgment on the

---

[4] Defendant argues that the document was also called for by request to Harvey Ottovich number 19 and request to Mark Ottovich number 4, but those requests were overbroad as worded. Defendant also argues that the document was called for by request to Harvey Ottovich number 35 and request to Mark Ottovich number 18, but the document was not responsive to those requests.

6

pleadings and granting a motion for class certification in a class action stemming from a dispute over force placed insurance by defendant American Security Insurance Company. Defense counsel state that "Plaintiffs will likely attempt to introduce Exhibit 62 to support their allegations that they possessed valid insurance and were overcharged by JPMorgan, by way of ASIC, for insurance placed on the Subject Property" (Hansen Decl. ¶ 134). Regardless of whether information regarding this document was required in responses to defendant's interrogatories, it was responsive to defendant's request for production of documents to Harvey Ottovich number 35 (which is quoted above), and request for production of documents to Mark Ottovich number 18 (also quoted above).

As stated, no documents were produced in response to these requests for documents. This order agrees that exhibit 62 is responsive to requests number 35 and 18 as it would tend to support plaintiffs' claim for the alleged improper placement of insurance on the subject property when Harvey Ottovich defaulted on the loan at issue, and as a measure of the type of damages he should be entitled to based on the settlement amount ASIC paid to settle the class action lawsuit against it, as asserted by defendant.[5] Plaintiffs' response did not address specifically why this document was not timely produced; issues raised generally by plaintiffs' response will be addressed below. Therefore, plaintiffs' exhibit number 62 is excluded from trial.

**Proposed plaintiffs' exhibit no. 63** *("2009–2010 Farmers Insurance policies for 303 Laurel Ave. Hayward CA")*: This document is listed on plaintiffs' exhibits list, but it still has not been produced to defense counsel (Hansen Decl. ¶¶ 159–60), and appears to be a duplicate of proposed plaintiffs' exhibit 61. Plaintiffs' response did not address specifically why this document was not timely produced; issues raised generally by plaintiffs' response will be

---

[5] Defendant argues that the document was also called for by request to Harvey Ottovich number 19 and request to Mark Ottovich number 4, but those requests were overbroad as worded. In addition, because of the conclusion reached above, this order need not address defendant's other objections that this document is irrelevant, unduly prejudicial, and is otherwise excludable pursuant to the exclusion of Rule 404(b) other acts evidence at the pretrial conference and as memorialized by the order regarding motions *in limine*.

7

1  addressed below. Any subsequent production of the document would certainly be untimely.
2  Therefore, plaintiffs' exhibit number 63 is excluded from trial.

3  **Proposed plaintiffs' exhibit no. 64** *("The LLPE clause for the 2009–2010 Farmers*
4  *Insurance policies for 303 Laurel Ave. Hayward, CA")* (*see* Hansen Decl. Exh. 15): This
5  document is a "lenders loss payable endorsement," which is likely part of the insurance policy
6  for the subject property. Accordingly, for the same reasons stated above as to proposed
7  plaintiffs' exhibit 61, plaintiffs' exhibit number 64 is excluded from trial.

8  \*              \*              \*

9  Plaintiffs' response to defendant's submission regarding renewed consideration of its
10 motion *in limine* number four did not address the challenged proposed exhibits specifically. It
11 also did not provide very good cause generally for why such proposed exhibits should be
12 allowed at trial when they were produced over three months after the discovery deadline.

13 *First*, Attorney Craig Mar states the following under oath: "Norm Newhouse withdrew
14 as the Attorney around 4/21/11 and I became the attorney of record. Our responses to RFPD's
15 and rogs were sent out around 4/26/11, [] and I assumed they were done well, they weren't"
16 (Mar Decl. ¶ 2). This order shall note that Craig Mar has been counsel of record in this matter
17 since the original complaint was filed in Alameda County Superior Court on May 27, 2010
18 (Dkt. No. 1 at 7). Moreover, an order granted Attorney Norman Newhouse's motion to
19 withdraw as counsel on April 15, 2011 (Dkt. No. 70). Attorney Mar was the only counsel of
20 record for plaintiffs at the close of discovery and when he states that responses "were sent out."

21 *Second*, Attorney Mar states under oath: "I tried to withdraw from the case around
22 6/24/11 because I could not come up with documents supporting the case" (Mar Decl. ¶ 4).
23 Attorney Mar's motion to withdraw as plaintiffs' counsel was filed on June 28 and denied on
24 June 29 (Dkt. Nos. 75–76). That motion nowhere mentioned that Attorney Mar thought there
25 were no "documents supporting the case" as a reason supporting withdrawal or otherwise.

26 *Third*, Attorney Mar states under oath: "7/15/11 I get hold of documents useful to the
27 case and begin going through the pile. . . . 7/20/11 I get an important document from Farmers
28 showing dates of coverage and dates of lapsed coverage 2009 and 2010. It's Exhibit 30.

8

(EXHIBIT 7, FARMERS LETTER OF EXPERIENCE) . . . 7/23/11 to 7/27/11, more evidence comes in about another case going on at the same time, Wahl v. ASIC where someone is complaining about force placed insurance against the same insurance company Chase uses, ASIC" (Mar Decl. ¶¶ 5–6, 8 (bold omitted)).

Attorney Mar does not address whether the challenged documents were in the possession of his clients before this time or any details related to why he did not "get" these documents before this time when they were clearly in existence previously and were, as reviewed above, responsive to defendant's document requests. If Attorney Mar did not conduct an investigation for documents until after the discovery deadline, that is not very good cause to be excused from timely producing discovery to be used at trial.

\*   \*   \*

Therefore, for the reasons stated above, defendant's motion *in limine* number four is **GRANTED IN PART AND DENIED AS MOOT IN PART**. The following documents on plaintiffs' exhibits list (Dkt. No. 103-1) will be allowed at trial (after, of course, being properly moved into evidence, subject to other objections): proposed exhibit numbers 1 through 28, 30, 32 through 47, and 49 through 60. The following documents may not be offered by plaintiffs: proposed exhibit numbers 29, 31, 48, and 61 through 64.

**IT IS SO ORDERED.**

Dated: August 29, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE