IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY OTTOVICH, MARK OTTOVICH, and the HARVEY G. OTTOVICH REVOCABLE LIVING TRUST,<br><br>  Plaintiffs,<br><br>  v.<br><br>CHASE HOME FINANCE, LLC, WASHINGTON MUTUAL, INC., JP MORGAN CHASE BANK, N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank from Federal Deposit Insurance Corporation acting as receiver,<br><br>  Defendants.<br>_____ / | No. C 10-02842 WHA<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND TO OBEY REASONABLE COURT ORDERS** |

**INTRODUCTION**

Plaintiffs and their counsel have repeatedly violated court orders, including orders to attend settlement conferences and hearings. Although the Court has earlier tried imposing monetary sanctions, plaintiffs and their counsel have continued to flout court orders, resulting in unreasonable delay and waste of judicial resources. Accordingly, the action is hereby **DISMISSED FOR FAILURE TO PROSECUTE AND TO OBEY REASONABLE COURT ORDERS**.

**STATEMENT**

Plaintiffs Harvey Ottovich, Mark Ottovich, and the Harvey G. Ottovich Revocable Living Trust originally filed this lawsuit in state court on May 27, 2010, which was removed by defendants, Chase Home Finance, LLC, Washington Mutual, Inc., and JP Morgan Chase Bank N.A. Plaintiffs own a residential investment property secured by a loan obtained through

defendants. Plaintiffs allege that defendants breached the loan agreement and violated various state and federal laws (SAC ¶¶ 24-92). Defendants deny they breached the agreement, and state that plaintiff Harvey Ottovich was "delinquent under the terms of the loan" (Joint Proposed Final Pretrial Order at 3). Defendants state that although plaintiffs have not been making mortgage payments for more than two years, plaintiffs have been collecting rent from a tenant residing at the property (Dkt. No. 145 at 20-21). This action has dragged on for several years, due in large part to the repeated and unjustified failures of plaintiffs and their counsel to comply with court orders, as detailed below.

### 1. ORDER TO SHOW CAUSE HEARING IN NOVEMBER 2010 AND FILING OF SECOND AMENDED COMPLAINT.

On November 3, 2010, attorneys Norman Newhouse and Craig Mar, counsel for plaintiffs, were ordered to show cause why they should not both be referred to the state bar for unauthorized practice of law, and aiding and abetting the unauthorized practice of law, respectively (Dkt. No. 39). Although suspended by the state bar and not authorized to practice law, Newhouse had in fact electronically filed all of plaintiffs' submissions to that point. At the hearing on the order to show cause, Attorney Newhouse appeared but Attorney Mar did not, although the attendance of both attorneys was required. An order issued referring Attorneys Newhouse and Mar to the state bar (Dkt. No. 43). Plaintiffs were also ordered to file their second amended complaint, as the court-ordered deadline of November 8 had passed.

On November 29, plaintiffs were ordered to show cause why the action should not be dismissed for failure to prosecute because plaintiffs had still not filed their second amended complaint (Dkt. No. 46). Plaintiffs eventually filed their second amended complaint on December 2. Plaintiffs were allowed to get away with this delay of nearly one month.

### 2. COURT-ORDERED SETTLEMENT CONFERENCES IN AUGUST 2011.

Following the pretrial conference on August 15, 2011, the parties were ordered to mediation before Magistrate Judge Nathanael Cousins on August 26 (Dkt. No. 98). The parties were informed by court order that personal attendance by counsel "will not be excused under any circumstances" and that personal attendance by a party will "rarely be excused" (Dkt. No. 97).

The order stated that any request to continue the settlement conference must be submitted in writing, demonstrate a compelling reason for continuance, and state whether the opposing parties agree to or oppose the request.

Plaintiffs Mark and Harvey Ottovich did *not* appear at the August 26 settlement conference before the magistrate judge. Defendants' counsel and corporate representative were present. The settlement conference was continued to August 29 and plaintiff Mark Ottovich was ordered by the magistrate judge to "appear and ordered to show cause why he should not be found in contempt of court" (Dkt. No. 107). On August 29, neither plaintiffs nor their counsel appeared for the settlement conference. The magistrate judge ordered plaintiffs and their counsel to "show cause why they should not be sanctioned for failure to comply with Court orders" (Dkt. No. 109). A third settlement conference was scheduled for August 31 but not held because plaintiffs and their counsel failed to appear. No request to continue any of the settlement conferences was filed. As a result of these violations of court orders, plaintiffs and their counsel were sanctioned, as described below.

### 3.  ORDER TO SHOW CAUSE HEARING IN SEPTEMBER 2011 AND SANCTIONS.

On August 31, plaintiffs were ordered by the undersigned judge to show cause why the action should not be dismissed for failure to attend the settlement conference (Dkt. No. 111). A subsequent order stated that both "Attorney Mar and plaintiffs are under an obligation to appear" (Dkt. No. 112). At the hearing, held on September 6 before the undersigned judge, neither Mark nor Harvey Ottovich were present, although plaintiffs' counsel Mar appeared. Plaintiffs and their counsel were ordered to pay sanctions to defendant and the Court for failure to comply with orders, both in the amount of $1,200. The Court found that "there [was] absolutely no doubt that the Ottoviches violated the Court Order" to attend the settlement conference on August 26, and further violated court orders by failing to attend the August 29 and 30 settlement conferences (D.N. 115 at 22). At the hearing, plaintiffs' counsel was warned that the Court was strongly considering dismissal. The Court stated "by all rights, this case ought to be dismissed for lack of prosecution, and be dismissed on account of repeated violation of Court Orders" (*id.* at 23).

### 4.  COURT-ORDERED SETTLEMENT CONFERENCE IN SEPTEMBER 2012.

The action was stayed due to the six-month suspension of plaintiffs' counsel, Craig Mar, from the bar of the United States District Court for the Northern District of California. When the stay was lifted in May 2012, the parties and their counsel were ordered to return to Magistrate Judge Cousins for a further settlement conference (Dkt. No. 132). On June 28, a settlement conference was held (Dkt. No. 135). At that time, a further settlement conference was scheduled for September 27 (*ibid.*).

On September 24, plaintiffs' counsel Mar filed an *ex parte* motion for continuance of the settlement conference (Dkt. No. 140). The motion was made on the grounds that (1) plaintiff Harvey Ottovich had allegedly been admitted to a care center on or about July 31, 2012 and had allegedly suffered a heart attack, and (2) "Attorney Mar has a scheduling conflict with another case which he did not anticipate." The motion did not include any details regarding Mar's alleged conflict, such as the date and location of the conflict, the nature of the case, or why Mar waited until three days before the settlement conference to file the motion. In the supporting attorney declaration, Mar stated that Mark Ottovich had informed him via telephone that Harvey Ottovich had suffered a heart attack. No evidence substantiating Harvey Ottovich's medical condition was provided. Regarding Mar's purported conflict, the declaration stated only that Mar had "noticed a scheduling conflict with another case in another jurisdiction" on or about September 17 (*id.* at 5-6). The motion was denied on September 25 by the magistrate judge for failure to meet and confer with opposing counsel. The order stated that "counsel and clients are expected to be present absent further order of the Court" (Dkt. No. 141). Notwithstanding the Court's clear order, neither plaintiffs nor their counsel appeared at the September 27 settlement conference.

### 5.  ORDER TO SHOW CAUSE HEARING IN OCTOBER 2012.

Plaintiffs and their counsel were ordered to show cause before the undersigned judge why the action should not be dismissed for lack of prosecution and failure to attend the September 27 settlement conference (Dkt. No. 144). At the order to show cause hearing, held on October 1 before the undersigned judge, plaintiffs' counsel Mar testified under oath that he had agreed to undertake representation of a client in a criminal matter in Las Vegas, although he was not

4

admitted to practice in that jurisdiction. The criminal matter was set for hearing in Las Vegas at 8 a.m. on September 28, the day after the mandatory settlement conference. Mar testified that he drove from the Bay Area to Las Vegas on September 27 (Dkt. No. 145 at 5-6). Counsel for defendants, Theodore Bacon testified under oath that Mar had represented to him that the hearing was on September 27 (*id.* at 11). It was not. It was on September 28. Bacon further testified that Mar had not contacted him at any point to attempt to find an alternate date for the settlement conference.

Plaintiffs Mark and Harvey Ottovich did not attend the October 1 hearing, although the order to show cause clearly required them to do so. Nor did plaintiffs submit any statements, sworn or otherwise, in response to the Court's order to show cause. Attorney Mar testified that he notified his client Mark Ottovich of the September 27 settlement conference "many times" and "urged him to attend" (Dkt. No. 145 at 9-10). Although Mar notified Mark that he was unable to attend, he told Mark that Mark was still expected to attend (*id*. at 16). Mar was unable to provide any reason why Mark did not attend the settlement conference. Mar also testified that, according to hearsay many weeks old, Harvey Ottovich was ill and had been hospitalized on July 31, 2012. Mar had no current information.

**ANALYSIS**

**1. AUTHORITY TO DISMISS SUA SPONTE.**

"The district court has the inherent power *sua sponte* to dismiss a case for lack of prosecution" under Rule 41(b). *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Moreover, Rule 16(f) permits courts to dismiss an action *sua sponte* for failure to "obey a scheduling or other pretrial order." *See also in re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Rule 16 allows district courts to direct parties and their attorneys to appear before it at a pretrial conference, one of the purposes of which is to facilitate settlement. *Ibid.*

A Rule 41(b) dismissal "must be supported by a showing of unreasonable delay." *Henderson*, 779 F.2d at 1423. "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the

1  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
2  (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives;
3  and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*,
4  291 F.3d 639, 642 (9th Cir. 2002).

### A. Unreasonable Delay.

Plaintiffs originally filed this action in May 2010. The action was stayed for six months due to the suspension of plaintiffs' counsel Mar from the practice of law as a result of his conduct on behalf of plaintiffs in this lawsuit. The action was stayed a second time for ninety days for the specific purpose of allowing further settlement negotiations. Plaintiffs and their counsel's unjustified failure to attend the court-ordered settlement conferences resulted in significant delay and a waste of judicial resources.

In light of the long history of egregious violations of court orders, it would be unfair to continue to indulge in hypothetical excuses for plaintiffs and their counsel. At best, Attorney Mar belatedly filed an *ex parte* motion for a continuance, without first meeting and conferring with opposing counsel as required. That motion was entirely vague and provided no details regarding Mar's alleged conflict. The Court finds that Mar could have avoided the conflict and did not take reasonable steps to do so. For example, Attorney Mar did not even attempt to schedule a flight, which would have allowed him to attend both hearings. Instead, he chose to drive to Las Vegas. Not only did Mar take on a representation in a jurisdiction in which he was not admitted to practice, but he also failed to make reasonable efforts to attend the settlement conference.

Plaintiffs have not offered any explanation for why they failed to appear at the August 2011 settlement conferences, or at the settlement conference approximately one year later. At the September 2011 hearing on the order to show cause following the aborted settlement conferences, plaintiffs did not attend. No explanation was provided. Plaintiffs' counsel was strongly warned that their behavior warranted dismissal. Despite this clear admonition, and the imposition of monetary sanctions, plaintiffs and their counsel again disobeyed court orders and failed to attend the settlement conference on September 27, 2012. Plaintiff Mark Ottovich has provided no

6

explanation for his failure to attend, despite being told by his counsel that Mark should still attend the settlement conference.

### B. Availability of Lesser Sanctions.

Less-drastic sanctions have been imposed herein in the past, but have had little effect on plaintiffs' behavior. Prior court orders have warned plaintiffs that failure to obey orders regarding attendance at settlement conferences and timely filings may result in dismissal. Plaintiffs and their counsel were sanctioned on September 6, 2011 for failure to attend the August 2011 settlement conferences. Nonetheless, plaintiffs and their counsel again did not appear for the mandatory settlement conference on September 27, 2012.

### C. Prejudice to Defendants.

Plaintiffs' repeated failure to appear at settlement conferences has prejudiced defendants, who sent counsel and a corporate representative to court three times for settlement conferences which plaintiffs did not attend. Defendants have also been prejudiced by the unreasonable delay due to plaintiff's failure to diligently prosecute this case. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). During the pendency of this action, defendants have not received mortgage payments from plaintiffs, although plaintiffs continue to receive rent from a tenant of the subject property. Defendants further claim that they have been unable to seek other means of redress while this lawsuit is pending. The Court finds that, under the circumstances of this case, plaintiffs' actions were unreasonable and prejudicial to defendants.

### D. The Public's Interest in Expeditious Resolution of Litigation.

The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." FRCP 1. Delay in reaching the merits of a case, either by way of settlement or adjudication, is costly in both time and money for the courts. *In re Phenylpropanolamine Products Liab. Litig.*, 460 F.3d at 1227. Plaintiffs' behavior has resulted in unreasonable delay in reaching the merits of this case, including in requiring multiple hearings on orders to show cause regarding plaintiffs' disobedient conduct.

7

### E. The Court's Need to Manage its Docket.

Similarly, in weighing the need of the court to manage its docket, a dismissal sanction may be appropriate where a plaintiff has repeatedly failed to meet deadlines and to follow simple court orders.

### F. Public Policy Favors Disposition of Cases on Their Merits.

This factor counsels against dismissal. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *Id.* at 1228. Our court of appeals has "also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Ibid*. This factor, therefore, is greatly outweighed by the factors in favor of dismissal.

## CONCLUSION

For the foregoing reasons, the action is hereby dismissed for failure to prosecute under Rule 41(b). This dismissal is with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 3, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8